**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |  |
|---|---|---|
| WEI TANG LU et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 2:12-cv-01511-RCJ-CWH |
| vs. | ) | |
| | ) | |
| COUNTRYWIDE BANK, N.A. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a residential foreclosure avoidance case. Pending before the Court is Defendants' Motion for Judgment on the Pleadings (ECF No. 12). Because Plaintiffs have not timely responded, and for the reasons given herein, the Court grants the motion, with leave to amend in part.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs Wei Tang Lu and Feng Ling Situ purchased real property at 600 Beckton Park Ave., Las Vegas, NV 89178 (the "Property") as joint tenants with right of survivorship, giving lender Countrywide KB Home Loans ("Countrywide") a $196,910 promissory note, and giving Mortgage Electronic Registration Systems, Inc. ("MERS") a deed of trust ("DOT") against the Property securing the loan. (*See* Deed, Jan. 17, 2008, ECF No. 13-1; DOT 1–3, Jan. 16, 2008, ECF No. 13-2). First American Title Co. ("First American") was the trustee on the DOT. (*See* DOT 2). MERS later assigned both the DOT and the underlying debt to BAC Home Loans Servicing ("BAC"), (*see* Assignment, Nov. 17, 2009, ECF No. 13-3), which MERS was able to do in its capacities as beneficiary of the DOT and Countrywide's nominee, respectively, and

1  which cured the split in the mortgage created at inception via the use of MERS as the beneficiary
2  of the DOT, *see Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 258–62 (Nev. 2012). The same
3  day, BAC substituted Recontrust Co., N.A. as trustee. (*See* Substitution, Nov. 17, 2009, ECF No.
4  13-4). The next day, LSI Title Co., purportedly as agent for Recontrust, filed a Notice of Default
5  ("NOD") based upon a default of unspecified amount since July 1, 2009. (*See* NOD, Nov. 18,
6  2009, ECF No. 13-5). Recontrust noticed a trustee's sale for April 22, 2010. (*See* Notice of Sale,
7  Apr. 2, 2010, ECF No. 13-6). However, Recontrust rescinded the NOD on the scheduled sale
8  date. (*See* Rescission, Apr. 22, 2010, ECF No. 13-7).
9        Plaintiffs sued Defendants Countrywide, BAC, MERS, and Merscorp, Inc. *in pro se* in
10 this Court on seven causes of action: (1) fraud; (2) Real Estate Settlement Procedures Act
11 ("RESPA"); (3) "fraudulent foreclosure"; (4) Fair Debt Collection Practices Act ("FDCPA"); (5)
12 Truth in Lending Act ("TILA"); (6) "fraudulent assignment"; and (7) "notary fraud." The Court
13 denied Plaintiffs' motion for a preliminary injunction, because Plaintiffs had not at that time
14 served any Defendant and presented no claims or evidence indicating that they were likely to
15 succeed on the merits. Defendants have now moved for judgment on the pleadings, adducing the
16 public records cited, *supra*, to their request for judicial notice.

17 **II.   LEGAL STANDARDS**

18       "After the pleadings are closed—but early enough not to delay trial—a party may move
19 for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standards governing a Rule 12(c)
20 motion are the same as those governing a Rule 12(b)(6) motion. *See Dworkin v. Hustler*
21 *Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference . . . is the time of
22 filing. [T]he motions are functionally identical . . . .").
23       A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star*
24 *Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to
25 dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the

complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  A court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a claim is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting it into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

III.   ANALYSIS

The Court agrees with Defendants that some of the claims have been rendered moot by the rescission of the NOD over two years ago, i.e., the third, sixth, and seventh claims for fraudulent foreclosure, fraudulent assignment, and notary fraud, respectively, which claims

appear clearly unmeritorious in any case. The Court will address the remaining claims on the merits but will first note that the claim for fraud is based upon alleged violations of RESPA and TILA and is not separately pled as a common law fraud claim. The Court will therefore dismiss the first claim as duplicative of other claims.

The RESPA claim consists of a recitation of the statutes and case law and does not allege facts particular to Plaintiffs' case. Nor do such facts appear in the general allegations. As Defendants note, the Complaint is a form complaint without the facts of Plaintiffs' own case delineated. The Court therefore dismisses this claim, with leave to amend.

The FDCPA claim is based upon an allegation that the filer of the NOD was not authorized to do so. The rescission of the NOD does not make this claim moot, because a FDCPA violation is complete when an unlawful representation is made or act is taken. However, the claim fails on the merits because foreclosure of a deed of trust is not "debt collection" under the FDCPA. Also, there appears to be no statutory or common law defect in the foreclosure proceedings. MERS was authorized to assign both the note and DOT under *Edelstein* and facts of which the Court may take judicial notice. BAC was then authorized to substitute Recontrust as trustee. And although there is no separate evidence of LSI Title Co.'s agency to file the NOD on behalf of Recontrust apart from LSI Title Co.'s own say-so on the NOD, Recontrust's later filing of the Notice of Sale based upon the NOD is clear evidence of ratification. There was simply no defect in foreclosure in this case.

The TILA claim is based upon the allegation that Countrywide indicated in unspecified documents that the interest rate on the loan would be 6.5%, but that the TILA disclosure indicates 8.646%. The promissory note (the "Note") Plaintiffs attach to the Complaint indicates a rate of 6.000%. (*See* Note 1, Jan. 16, 2008, ECF No. 1, at 16).[1] The TILA Disclosure

---

[1] Page 2 of the Note is attached not at page 17 of ECF No. 1, but at page 21, with some other documents in-between).

1   Statement lists the APR as 6.697%, which seems consistent with the 6.000% interest rate on the
2   Note.  These percentages (6.000% and 6.697%) are different because they represent different
3   measurements.  The term "APR" is misleading because it does not represent any actual interest
4   rate.  The APR is a fictional measurement used to help a buyer appreciate the amount of
5   mortgage-related fixed fees compared to the amount of the loan.  The APR tells a borrower
6   essentially, "when all the various fixed fees you will pay for this loan are factored in, it is as if
7   you had a loan for this higher interest rate called the 'APR.'"  Only when there are no fixed fees
8   related to the loan, which is almost never the case, will the APR be the same as the interest rate.
9   Both the fees themselves and the APR calculation must be disclosed.  Ironically, the disclosure of
10  this additional measurement that was invented to help borrowers better understand their loans has
11  in fact created more confusion, even to the point of (as here) leading to allegations of fraud.
12  Finally, the discrepancy between the rates alleged in the Complaint (6.5% and 8.646%) and the
13  rates listed in the attached Note and TILA Disclosure Statement (6.000% and 6.697%) further
14  indicates that Plaintiffs used a form complaint and did not sufficiently examine and edit the facts
15  before filing.  This claim is dismissed, with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED IN PART and DENIED IN PART.  The Complaint is dismissed, with leave to amend the RESPA and TILA claims.

IT IS SO ORDERED.

Dated this 26th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge